UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JESSIE C. ENGLES, #09-A-0673

                                 *Plaintiff*,

    -against-

RYAN RUGARI and DAVID MURPHY,

                                *Defendants*.

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(a)**

14-CV-1185

(TJM/ATB)

---

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for Plaintiff, Jessie C. Engles, and Defendants Ryan Rugari and David Murphy, parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

1.     Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff discontinues this action with prejudice and without damages, costs, interest, or attorneys' fees, in excess of the amounts specified in Paragraph 5, under the conditions described in Paragraph 5 of this agreement, as against Defendants Ryan Rugari and David Murphy. Plaintiff forever discharges and releases Defendants Ryan Rugari and David Murphy, and the State of New York,

1

including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action.

2. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to, any generally applicable policy or procedure in the future.

3. Following the execution of this stipulation, and it being ordered by the Court:

   a. Defendants shall pay to Plaintiff Jessie C. Engles the sum of five hundred dollars ($500) in full settlement of any and all claims. The above amount shall constitute all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees.

   b. The foregoing payment shall be made by check for $500, which will be mailed to Marcy Correctional Facility for deposit in Plaintiff's inmate account, or, in the event Plaintiff is transferred prior to the issuance of the check, to the correctional facility in which he incarcerated at the time the check is mailed.

4. Payment of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law. Plaintiff agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such

approval effectuating payment. Such documentation will be mailed to Plaintiff by agents of the Defendants responsible for the administrative processing of the settlement paperwork.

5. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court, receipt by Defendant's counsel of a copy of the so-ordered stipulation, and receipt by Defendant's counsel of all necessary documents referenced in paragraph 6. However, if the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

6. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the 120 day period set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval, or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

7. If the approvals referred to in paragraph 6 are not obtained, this stipulation shall be null and void and this action shall then be placed back on the active docket without prejudice.

8. The foregoing constitutes the entire agreement of the parties.

9. Notwithstanding anything to the contrary herein contained, it is understood and agreed, that this Stipulation is strictly restricted in its applicability to Case and File Number 14-CV-1185 (TJM/ATB), concerning an incident or incidents which allegedly took place on October 11, 2013 at the Marcy Correctional Facility, between the Plaintiff and the Defendants herein, and nothing else.

Dated: December 5, 2018
Hopewell Junction, New York

/s/ Vincent D'Andrea
Vincent D'Andrea, Esq., Of Counsel
Thomas, Drohan, Waxman, Petigrow & Mayle, LLP
Bar Roll No. 511732
Counsel for Plaintiff
2517 Route 52
Hopewell Junction, New York 12533
Telephone: (845) 592-7027
Email: vdandrea@tdwpm.com

Dated: December 5, 2018
Albany, New York

BARBARA D. UNDERWOOD
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

By: /s/
Chris Liberati-Conant
Assistant Attorney General, of Counsel
Bar Roll No. 700466
Telephone: 518-776-2584
Email: christopher.liberati-conant@ag.ny.gov

Dated: Binghamton, New York
Dec 6, 2018

SO ORDERED:

/s/ Thomas J. McAvoy
HON. THOMAS J. MCAVOY
UNITED STATES DISTRICT COURT JUDGE

4